**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN VANESSA ROJAS-
HERNANDEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    12-73752

Agency No. A097-808-964

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Karen Vanessa Rojas-Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her motion to reconsider its prior denial of her motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Rojas-Hernandez's challenges to the agency's denial of her motion to reopen, because this petition is not timely as to the BIA's August 2012 order. *See* 8 U.S.C. § 1252(b)(1) (petition for review must be filed within 30 days of the order under review).

The BIA did not abuse its discretion in denying Rojas-Hernandez's motion to reconsider on the ground that she did not meet her burden to show she provided an address at which she could be contacted, where all immigration court notices sent to the address on file were returned as undeliverable. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen in absentia proceedings based on lack of notice may be filed at any time); 8 U.S.C. §1229(a)(1)(F)(i) ("the alien must immediately provide . . . a written record of an address . . . at which the alien may be contacted . . . "); 8 U.S.C. § 1229(c) ("Service by mail [of a hearing notice] shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . .")

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**